**Bruce Robert HENDRIX, Petitioner–Appellant,**

v.

**James A. LYNAUGH, Director Texas Department of Corrections, Respondent–Appellee.**

No. 88–1960
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Nov. 16, 1989.

---

Bruce Robert Hendrix, Dallas, Tex., pro se.

C. Rex Hall, Jr., Jim Mattox, Atty. Gen., Austin, Tex., for respondent-appellee.

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

The petitioner brings a habeas corpus action pursuant to 28 U.S.C. § 2254, mounting a collateral attack on a 1972 state conviction. Concluding that under recent Supreme Court precedent he was not "in custody" for purposes of the statute, we affirm the district court's dismissal of the petition.

## I.

In 1972 a state court convicted Bruce Hendrix for possession of a narcotic drug and sentenced him to ten years' imprisonment.

In 1982 Hendrix pleaded guilty to burglary of a habitation and was sentenced to thirty-five years' imprisonment. Hendrix concedes that he had fully discharged his sentence for the drug offense before he was convicted on the burglary charge and that the drug offense was not used to enhance the latter sentence.

In 1987 Hendrix filed a petition in federal district court under section 2254, attacking only his conviction. A magistrate recommended dismissing the petition with prejudice, reasoning that the court lacks jurisdiction because Hendrix is not "in custody," within the meaning of section 2254, in regard to his 1972 conviction. The district court, after an independent review, accepted the magistrate's findings and recommendation.

## II.

Federal district courts do not have jurisdiction to entertain section 2254 actions if, at the time the petition is filed, the petitioner is not "in custody" under the conviction or sentence which the petition attacks. *Maleng v. Cook*, — U.S. —, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989). *See Carafas v. LaVallee*, 391 U.S. 234, 238, 88 S.Ct. 1556, 1559, 20 L.Ed.2d 554 (1968). Hendrix argues that he was "in custody" under the 1972 conviction when the present petition was filed because that conviction could be used to impeach any future testimony he may give, it may enhance any subsequent sentence he may receive, and without it he may have a "clean" criminal history record. However, none of these arguments relates to Hendrix's present incarceration, so they do not show that he is "in custody" for the 1972 conviction. *See Maleng*, 109 S.Ct. at 1925–26.

But Hendrix asserts that he is "in custody" under the 1972 conviction because the fact of that conviction adversely influences his classification in prison, his opportunity to earn "good time," his chance of receiving parole, and the nature of the prison unit in which he is housed. Hendrix cites *Young v. Lynaugh,* 821 F.2d 1133, 1137 (5th Cir.), *cert. denied,* 484 U.S. 986, 108 S.Ct. 503, 98 L.Ed.2d 501 (1987) and 108 S.Ct. 1040 (1988), in support of his petition. *Young* provides that "when a petitioner alleges credit [in some degree on the sentence he is currently serving], the court has jurisdiction over the petition *to determine* whether credit would be provided, even if the petitioner has cited to no authority or law that would demonstrate an earlier release." *Id.* (emphasis in original). This test, if applicable, suggests that the district court had *jurisdiction* to determine whether Hendrix would receive credit in the form of additional "good time" or an earlier parole.

We conclude, however, that the *Young* test is no longer viable in light of *Maleng.* There, the Court acknowledged that a prisoner need not be physically confined to be "in custody" for the purposes of § 2254 but noted that the Court has

> never held, however, that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed. Indeed, [the Court's] decision in *Carafas* ... strongly implies the contrary.... [O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it.

109 S.Ct. at 1925–26 (emphasis in original). Thus, *Maleng* leads us to the conclusion that, since Hendrix's sentence for the 1972 conviction had completely expired when he filed the present petition, he was not "in custody" under that conviction for purposes of section 2254. Moreover, a conclusion that Hendrix is not "in custody" follows *a fortiori* from *Maleng.* Enhance-

ment is a collateral consequence insufficient to render the petitioner "in custody" under the previous conviction. *See Maleng, id.* 109 S.Ct. at 1926.

Hendrix's arguments concerning the remaining consequences of his classification, including the nature of where he is housed, are less significant than the length of his incarceration. In the light of *Maleng,* all of the adverse effects alleged by Hendrix are collateral consequences only. Accordingly, he has not shown that he is "in custody" under the 1972 conviction.

AFFIRMED.