**Billy Frederick ALLEN, Petitioner–Appellant,**

v.

**James A. COLLINS, Director, Texas Dept. of Criminal Justice, Institutional Division, Respondent–Appellee.**

**No. 90–1524.**

United States Court of Appeals, Fifth Circuit.

Feb. 19, 1991.

Billy Frederick Allen, Huntsville, Tex., pro se.

Before REAVLEY, JONES and SMITH, Circuit Judges.

REAVLEY, Circuit Judge:

In 1974, appellant Billy Frederick Allen was convicted of methamphetamine possession and sentenced to two years imprisonment. After completing his possession sentence, Allen was convicted of two murders in 1983. Pursuant to Texas' habitual offender statute, the court used Allen's 1974 conviction to enhance his 1983 sentence.

Allen now asserts a habeas corpus challenge to his 1983 conviction. He alleges that he was denied the right to appeal his 1974 conviction due to ineffective assistance of counsel, and this constitutional defect in his 1974 conviction infected his 1983 conviction.

The district court held that only where a conviction used for sentence enhancement is "void, and not merely voidable" will the court entertain a habeas challenge to a conviction for which the sentence has been completed. Finding Allen's challenge to his 1974 conviction "one which would make the conviction merely voidable," the court dismissed Allen's habeas petition.

We find no basis for the district court's distinction between void and voidable convictions. We have recognized a habeas petitioner's right to challenge a prior conviction for which sentence had been completed when that conviction is used to enhance a subsequent sentence. *Young v. Lynaugh*, 821 F.2d 1133, 1136–37 (5th Cir.), *cert. denied*, 484 U.S. 986, 108 S.Ct. 503, 98 L.Ed.2d 501 (1987), *and cert. denied*, 484 U.S. 1071, 108 S.Ct. 1040, 98 L.Ed.2d 1004 (1988). We made no distinction between void and voidable convictions in *Young*. In fact, we permitted Young to challenge his prior conviction on the same ground alleged here by Allen: ineffective assistance of counsel. *Id.* at 1142.

Our *Young* holding is unaffected by *Maleng v. Cook*, 490 U.S. 488, 109 S.Ct. 1923, 1927, 104 L.Ed.2d 540 (1989), wherein the Court "express[ed] no view on the extent to which [a prior] conviction itself may be subject to challenge in [an] attack upon [current] sentences which it was used to enhance."[1] Other circuits that have considered the question read *Maleng* as permitting the type of habeas challenge that Allen now presents, and none distinguishes between void and voidable convictions. *See Gamble v. Parsons*, 898 F.2d 117, 118 (10th Cir.) (surveying authority), *cert. denied*, — U.S. —, 111 S.Ct. 212, 112 L.Ed.2d 172 (1990).

We hold only that the district court's dismissal of Allen's habeas petition on the basis of voidability is reversible error. Nothing in this opinion is to be construed as limiting the State's ability on remand to move for dismissal of Allen's petition on the ground that the State "has been prejudiced in its ability to respond to the petition by delay in its filing." Rule 9(a) of the Rules Governing § 2254 Cases in the United States District Courts.

We REVERSE the district court's dismissal of Allen's petition and REMAND for further proceedings consistent with this opinion.

---

1. *Cf. Hendrix v. Lynaugh*, 888 F.2d 336, 337–38 (5th Cir.1989) (disallowing collateral attack on prior conviction when not used to enhance current sentence; "[e]nhancement is a collateral consequence insufficient to render the petitioner 'in custody' *under the previous conviction*") (emphasis added).