United States Court of Appeals,

Fifth Circuit.

No. 92-2501.

Shannon Rowan WILLIS, Petitioner-Appellant,

v.

James A. COLLINS, Director, Texas Department of Criminal Justice, Institutional Division, Respondent-Appellee.

April 27, 1993.

Appeal from the United States District Court for the Southern District of Texas.

Before JOLLY and DAVIS, Circuit Judges, and LEE,[1] District Judge.

PER CURIAM:

Shannon Rowan Willis appeals the dismissal of his habeas corpus petition for lack of jurisdiction. Because we find that Willis has alleged that he is in custody for purposes of his petition, we reverse and remand.

I.

Shannon Rowan Willis, a/k/a Charles Swanson (appellant), is currently serving a sentence for a 1989 burglary offense in the State of Texas. Appellant's sentence was enhanced by prior felony theft convictions occurring in 1986 and 1987. The sentences for the 1986 and 1987 convictions were enhanced, in part, by a conviction for theft occurring in 1978. Appellant filed a habeas corpus petition under 28 U.S.C. § 2254 challenging his 1978 conviction as illegal. He argued that his plea of guilty was not intelligently, voluntarily, and knowingly made because of the ineffectiveness of counsel.

The government moved to dismiss for lack of jurisdiction, citing *Maleng v. Cook,* 490 U.S. 488, 490-91, 109 S.Ct. 1923, 1924-25, 104 L.Ed.2d 540 (1989) (per curiam). The government argued that appellant could not satisfy the "in custody" requirement under the habeas statute because his pleadings attacked only the 1978 conviction and he had completed serving his sentence for the

[1]District Judge of the Southern District of Mississippi, sitting by designation.

1978 conviction in January 1990. *See id.* at 492, 109 S.Ct. at 1926 (habeas petitioner is not "in custody" for a conviction for which he has fully served his sentence). Appellant argued that the district court could review his petition because he alleged a sufficient nexus between the 1978 conviction and the sentence he was currently serving. The district court rejected this argument and dismissed the § 2254 petition for lack of jurisdiction.

## II.

Appellant argues that the district court failed to consider the argument he raised in his pleadings—that a direct nexus exists between the 1978 conviction and his present sentence which is sufficient to establish that he is in custody for purposes of § 2254. Although appellant did not plead his "nexus" argument in his initial habeas petition, he did raise this argument when he objected to the government's motion to dismiss. A party may amend a pleading at any time before a responsive pleading is served. Fed.R.Civ.P. 15(a). Because the government's motion was not a responsive pleading, we find that appellant's objection served as a timely amendment to his initial petition.

We now turn to the merits of appellant's "nexus" argument. The appellant contends first that the 1978 conviction was illegal. Second, he argues that because of the illegality of the 1978 conviction, it should not have been used to elevate his 1986 and 1987 convictions from misdemeanor to third-degree felony theft. Stated differently, if the 1986 and 1987 convictions had retained their misdemeanor status, they could not have been used in 1990 to establish that he was an habitual offender to enhance his current sentence to thirty-five years, fifteen years beyond the statutory maximum. Thus Willis argues that but for the use of the illegal 1978 conviction, his current sentence could not have been enhanced by his 1986/87 convictions.

This court has held that a "positive and demonstrable nexus between [a petitioner's] current custody and the allegedly unconstitutional [prior] conviction," may be "sufficient to meet the jurisdictional requirements of § 2254(a)." *Young v. Lynaugh,* 821 F.2d 1133, 1137 (5th Cir.1987), *cert. denied,* 484 U.S. 986, 108 S.Ct. 503, 98 L.Ed.2d 501 (1987), and *cert. denied,* 484 U.S. 1071, 108 S.Ct. 1040, 98 L.Ed.2d 1004 (1988). Although *Maleng* cast some doubt on *Young,* this Court has recently reaffirmed *Young,* recognizing a "habeas petitioner's right to challenge a prior conviction

... when used to enhance a subsequent sentence," even if the term for the prior illegal sentence has expired. *See Allen v. Collins,* 924 F.2d 88, 89 (5th Cir.1991).[2]

But for the 1978 conviction Willis seeks to challenge, Willis would be serving a twenty-year sentence instead of a thirty-five-year sentence. Willis has therefore alleged a "positive and demonstrable" nexus between the 1978 conviction and the sentence he is now serving. Accordingly, we reverse the district court's dismissal for lack of jurisdiction and remand this case to the district court for further proceedings consistent with this opinion.

REVERSED and REMANDED.


E. GRADY JOLLY, Circuit Judge, dissenting:

I respectfully dissent from the majority's opinion.

The majority concludes that Willis is "in custody" for purposes of 28 U.S.C. § 2254 when he is attacking a conviction for which he is no longer serving a sentence and which was not used to enhance the conviction for which he is presently in custody. I respectfully suggest that the connection between the conviction Willis is actually challenging and the sentence that Willis is actually serving is too attenuated to meet the "in custody" requirement of § 2254.

Willis attacks a 1978 conviction; Willis is currently incarcerated for a 1989 conviction. This 1989 conviction was enhanced only by convictions in 1986 and 1987—not by the 1978 conviction.[1] If Willis were challenging either the 1986 or 1987 conviction as illegal, I could conclude that he is "in custody" because, reading his *pro se* habeas petition liberally, he would be challenging his 1989 sentence, which he is now serving, by attacking the conviction actually used to enhance it.

---

[2]Our decision in *Hendrix v. Lynaugh,* 888 F.2d 336 (5th Cir.1989) does not require a result different than the one we reach today. In *Hendrix,* the petitioner was serving a sentence for a 1982 conviction, but attacked a 1972 conviction. The petitioner argued that the collateral consequences of his expired 1972 conviction were sufficient to render him "in custody" for his 1972 conviction. For example, he contended that his 1972 conviction would adversely affect parole possibilities and eligibility for good time credit. He did not contend that the 1972 conviction increased the length of his current sentence. We affirmed the dismissal of the petition because the petitioner failed to satisfy the "in custody" requirement.

[1]Willis has completed his sentences for all but the 1989 conviction.

Willis, however, attempts to push one step further: Instead of attacking the 1986 or 1987 conviction, he attacks a 1978 conviction by which the 1986 and 1987 convictions/sentences were enhanced. In essence, Willis is seeking to attack a conviction for which he has completed his sentence and which was not used to enhance the conviction for which he is presently serving a sentence. We have never stretched the "in custody" requirement this far, and we should not do so today.

The majority apparently bases its conclusion that Willis has satisfied the custodial requirement of § 2254 on the "positive and demonstrable nexus" test expressed in *Young v. Lynaugh,* 821 F.2d 1133, 1137 (5th Cir.), *cert. denied,* 484 U.S. 986, 108 S.Ct. 503, 98 L.Ed.2d 501 (1987), and *cert. denied,* 484 U.S. 1071, 108 S.Ct. 1040, 98 L.Ed.2d 1004 (1988). This "nexus" test is essentially nothing more than a weak "but for" test: But for the 1978 conviction, the 1986 and 1987 sentences would not have been enhanced, and but for the 1986 and 1987 convictions the 1989 sentence would not have been enhanced.

According to the majority, the *Young* test is still viable despite the Supreme Court's decision in *Maleng v. Cook,* 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989), because *Young* was thereafter "reaffirmed" in *Allen v. Collins,* 924 F.2d 88 (5th Cir.1991). The majority's reliance on *Allen,* however, is misplaced. Although we did state that *Young* was unaffected by the Supreme Court's decision in *Maleng,* our holding in *Allen* concerned only whether a distinction should be made between a void and voidable conviction; in fact, our holding was expressly limited to that issue. *Allen,* 924 F.2d at 89. Concerning the issue before us today, *Allen* states only that "[w]e have recognized a habeas petitioner's right to challenge a prior conviction for which sentence had been completed when *that* conviction is used to enhance a subsequent sentence." *Id.* (Emphasis added.) Furthermore, in *Allen* we specifically note that in an earlier opinion, *Hendrix v. Lynaugh,* 888 F.2d 336 (5th Cir.1989), this court disallowed a collateral attack on a prior conviction when it was not used to enhance the petitioner's current sentence.

In addition, a "but for" test such as the one urged by the majority is particularly ill-advised for a case such as this. It is clear that this unlimited standard could lead to abuse of the habeas proceeding. Here, Willis had previously been convicted of crimes in 1978, 1983, 1986, and 1987;

obviously, he had several opportunities to challenge the 1978 conviction, but he chose not to do so. Willis asserts no reason why he waited thirteen years to challenge the 1978 guilty plea; he, of course, knew the facts upon which his claim is based during the entire period. "It stands reason on its head to allow challenges to ancient convictions, foreclosed for years by prejudice-causing delay, to receive new life" from the consequences of one such occurrence. *See Marks v. Estelle,* 691 F.2d 730, 733 (5th Cir.1982), *cert. denied,* 462 U.S. 1121, 103 S.Ct. 3090, 77 L.Ed.2d 1351 (1983).

Finally, I should note our most current guidance on this issue of "in custody," *Thompson v. Collins,* 981 F.2d 259, 261 (5th Cir.1993), states the following: "The *Maleng* holding does nothing more than establish that a habeas petitioner meets the "in custody' requirement where he challenges a conviction *used* to enhance another conviction for which he is currently in custody." (Emphasis added.) Thus, *Maleng* and post-*Young* opinions by this court have, I submit, rendered *Young* 's test—or any test, for that matter—unnecessary. Instead, the law may be applied straightforwardly: A habeas petitioner may challenge the conviction for which he is currently serving a sentence *or* the conviction that was used t o enhance the conviction for which he is currently serving a sentence. Extending the "in custody" requirement of § 2254 any further would effectively "read the "in custody' requirement out of the statute...." *Maleng,* 490 U.S. at 492, 109 S.Ct. at 1926. For these reasons, I respectfully dissent.