# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 94-KP-00592-SCT

*JEROLD W. SMITH a/k/a JEROLD WAYNE SMITH*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 04/20/94 |
| TRIAL JUDGE: | HON. JAMES W. BACKSTROM |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | DALE HARKEY |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 08/14/97 |
| MOTION FOR REHEARING FILED: | 8/28/97 |
| MANDATE ISSUED: | 12/31/97 |

**BEFORE SULLIVAN, P.J., PITTMAN AND BANKS, JJ.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

Jerold Wayne Smith was indicted during the April Term of 1975, by the Jackson County Grand Jury in Cause No. 7444 for aggravated assault on a police officer. Smith and his co-defendants, Joseph Bruce Phelps and Louis Grant Martin, pled not guilty. Phelps later withdrew his plea of not guilty and entered a guilty plea. Severance was denied, and Smith and Martin proceeded to trial together during the May, 1975, term of the Jackson County Circuit Court. The jury found them both guilty as charged. On May 29, 1975, Circuit Court Judge Merle F. Palmer sentenced Smith and Martin to serve twenty one years in the custody of the Mississippi Department of Corrections.

On March 19, 1986, Smith was convicted of possession of a controlled substance and sentenced as a habitual offender, based in part upon his previous conviction for aggravated assault on a police officer. Smith filed his Motion to Reinstate to Active Docket on February 25, 1994, requesting that the circuit court place Cause No. 7444 back on the active docket for review of his 1976 request and petition, as amended in 1994. He also filed a Motion to Correct Record and Judgment and a Motion

to Vacate and Set-Aside Conviction and Sentence or Alternatively Motion for Out of Time Appeal (hereinafter PCR motion). Smith argued that his conviction in Cause No. 7444 was invalid and could not be used to enhance his sentence for the possession conviction. Smith asked the court to order that the record in his case be corrected to show that he was not represented by counsel at trial. In his motion, Smith asserted that although the docket sheet reflected that he was represented by David Barnett, he never saw Mr. Barnett again after their initial meeting following Smith's arrest. Smith also pointed out that Mr. Barnett, licensed to practice in Alabama, has never been licensed to practice law in Mississippi. Smith also asserted that the State had reneged on their plea agreement in Cause No. 7444, under which Smith agreed not to testify at his co-defendant's trial. He claims that per the agreement, he sat silently through the trial while Martin testified that Smith was guilty and Martin was innocent. Smith also set out several general assertions of error regarding his aggravated assault conviction, mostly centered around his alleged lack of counsel.

Circuit Court Judge James W. Backstrom denied Smith's motion to reinstate, finding that the circuit court had no jurisdiction to reinstate the case since the twenty year old conviction was a final judgment. Judge Backstrom also found that there was nothing to reinstate, because the case had been concluded, Smith having served his sentence. The judge issued a second order denying Smith's motion to correct record, because again the circuit court lacked jurisdiction over a case with a twenty year old final judgment. In that order, Judge Backstrom also found that Smith was in fact represented by counsel, rendering Smith's motion without merit. Judge Backstrom similarly denied Smith's motion requesting trial transcripts for lack of jurisdiction, and found that no transcript was ever made or could be made, because no appeal was ever taken and the court reporter had died. Finally, Judge Backstrom ordered that Smith's PCR motion be denied without an evidentiary hearing, finding that Smith was plainly not entitled to any relief based upon the pleadings and entire court file. The judge also found that Smith could not receive post-conviction relief, because his PCR motion was time-barred, and because he was not in custody for that conviction, having been paroled before 1983 when he was convicted on another charge. Aggrieved of the lower court's ruling, Smith appeals to this Court.

## STATEMENT OF THE LAW

The trial court denied Smith's PCR motion, finding that the motion was time-barred, that based upon the pleadings Smith was plainly not entitled to any relief, and that Smith was not entitled to relief since he was not in custody.

The Mississippi Uniform Post-Conviction Collateral Relief Act became effective on April 17, 1984. Miss. Code Ann. § 99-39-1 et seq.

> A motion for relief under this chapter shall be made within three (3) years after the time in which the prisoner's direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction. Excepted from this three-year statute of limitations are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has

evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.

Miss. Code Ann. §99-39-5(2). For those defendants convicted before the April 17, 1984, enactment date, the deadline for filing under the statute was April 17, 1987. *Campbell v. State*, 611 So.2d 209, 210 (Miss. 1992) (citations omitted). Smith was convicted on May 21, 1975, but he waited until February 25, 1994, to file his PCR motion, some seven years after the deadline. Smith does not assert any claims falling within the well-defined exceptions to the time limit, so the trial judge properly dismissed Martin's motion as time-barred. *Brown v. State*, 643 So.2d 937, 938-39 (Miss. 1994) (citations omitted); *Luckett v. State*, 582 So.2d 428, 429-30 (Miss. 1991) (citations omitted).

Smith contends that the time bar should be waived in his case, because to do otherwise would result in a serious miscarriage of justice, and because he had no meaningful opportunity to present his claims to the courts. "We tend to disregard procedural niceties where such is necessary to avoid the possibility of a serious miscarriage of justice." *Ferguson v. State*, 507 So.2d 94, 96 (Miss. 1987) (quoting *House v. State*, 445 So.2d 815, 820 (Miss. 1984)). Where the defendant presents issues which he "has heretofore had no meaningful opportunity to present, application of the procedural bar of Section 99-39-21(1) would be inappropriate." *Perkins v. State*, 487 So.2d 791, 792-93 (Miss. 1986) (citations omitted). In this case, however, Smith has merely made general allegations of error with no support for his claims. The only two issues which Smith addresses adequately for review by this Court are his claims that he was denied assistance of counsel and that the State reneged on their plea agreement.

There is sufficient evidence to support a finding that Smith was in fact represented by David Barnett at trial, and there is absolutely no evidence available to prove otherwise. The docket sheet from Cause No. 7444 reflects that Smith was represented by David Barnett. The record also shows that Smith and Martin were arraigned "in the presence of their counsel" and were tried and sentenced "accompanied by their counsels." Also included in the record is a requested peremptory jury instruction filed on behalf of Smith, a document normally written and filed by a defendant's attorney. Smith provides no proof to show that he was not represented at trial. He points out that Mr. Barnett has never been licensed to practice law in Mississippi. However, there is proof in the record that Mr. Barnett was licensed to practice in Alabama at the time of Smith's trial, and it is completely possible that Mr. Barnett was allowed to appear pro hac vice in Smith's case.

As for the plea bargain, this Court has previously held that because sentencing is discretionary, it will not be reversible error for a trial judge to sentence a defendant to a longer term than that offered in plea bargaining so long as the judge remains aloof from the bargaining process. *Johnson v. State*, 666 So.2d 784, 797 (Miss. 1995) (citations omitted). "Sentencing is within the complete discretion of the trial court and not subject to appellate review if it is within the limits prescribed by statute." *Hoops v. State*, 681 So.2d 521, 537 (Miss. 1996) (citations omitted). Smith does not assert or provide evidence to show that the trial judge was involved in the plea bargaining. Smith was sentenced to serve twenty one years for aggravated assault on a police officer, well within the confines of Miss. Code Ann. § 97-3-7, which sets the maximum sentence at thirty years

imprisonment. Miss. Code Ann. § 97-3-7(2). As a result, the State's alleged reneging on the plea agreement allows Smith no relief. Smith presents no valid arguments requiring waiver of the time bar in this case.

This case is a prime example of the need for a time bar in post-conviction relief cases. In the twenty year lapse between Smith's conviction and the filing of his PCR motion, the court reporter, judge, and prosecuting attorney all died. Because no appeal was filed in Cause No. 7444, there is no transcript of the proceedings. As a result, there is very little evidence in existence relating to Smith's claims. Even if Smith articulated any valid claims in his PCR motion to warrant reversal for an evidentiary hearing, there would be no evidence to back up his arguments in a hearing.

In order to attack a conviction through a PCR motion, the convicted defendant must be in custody under the sentence imposed for that conviction. Miss. Code Ann. § 99-39-5. Smith urges this Court to adopt a definition of "in custody" to include serving a sentence that is consecutive to the expired sentence, or a sentence that has been enhanced by the expired sentence. He cites *Garlotte v. Fordice*, 115 S.Ct. 1948, 1952 (1995); *Young v. Lynaugh*, 821 F.2d 1133, 1136-37 (5th Cir. 1987); and *Allen v. Collins*, 924 F.2d 88, 89 (5th Cir. 1991) in support of his argument. In *Garlotte*, the United States Supreme Court held that for purposes of federal habeas corpus relief, a prisoner is still "in custody" for purposes of the challenged conviction when he is serving a consecutive sentence. *Garlotte*, 115 S.Ct. at 1948-49. The Fifth Circuit has held that a petitioner was "in custody" for purposes of federal habeas corpus relief, because he would receive credit in some degree on his current sentence if the challenged conviction were voided. *Young*, 821 F.2d at 1136-37. In *Allen*, the Fifth Circuit reiterated that a petitioner for habeas corpus relief was "in custody" for purposes of challenging a previous conviction with an expired sentence, because it was used to enhance the sentence that he was currently serving. *Allen*, 924 F.2d 88 at 88-89. While these cases provide some persuasive support to Smith's theory, they are not binding here, because they apply to federal habeas corpus relief. This Court has not previously adopted such an expanded definition of "in custody" for purposes of post-conviction relief, and we do not adopt it today.

Aside from the procedural bars, the trial judge correctly dismissed Smith's PCR motion as meritless. "If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified." Miss. Code Ann. § 99-39-11(2). This Court has previously stated:

> We adhere to the principle that a post-conviction collateral relief petition which meets basic pleading requirements is sufficient to mandate an evidentiary hearing unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. In *Moore v. Ruth*, 556 So.2d 1059, 1061 (Miss. 1990) we held that where a prisoner is proceeding *pro se*, we take that fact into account and, in our discretion, credit not so well pled allegations.

*Turner v. State*, 590 So.2d 871, 874 (Miss. 1991) (internal citations omitted). Judge Backstrom properly found that Smith was plainly not entitled to any relief. Due to the incredible time lapse, Smith would be unable to prove any set of facts to support his claims. Smith is clearly not entitled to post-conviction relief.

## CONCLUSION

Smith filed his PCR motion some twenty years after his conviction, seven years after the three year time limit for filing had lapsed. As a result, his motion is time barred. Having been released on parole before filing his PCR motion, he is also barred from filing his petition, because he does not meet the custody requirement set out in Mississippi's Post-Conviction Relief Act. The lack of a trial transcript, and the deaths of the court reporter, judge, and prosecutor in Smith's case make it difficult to reach any solid conclusion on the majority of Smith's claims. However, Smith himself is primarily at fault for failing to file his petition promptly.

The insufficiency of evidence must weigh against Smith. He has failed to assert any claims requiring relief from this Court, and as a result we affirm the trial court's denial of post-conviction relief.

**LOWER COURT'S DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER, P.J., PITTMAN, BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**