United States Court of Appeals,

Fifth Circuit.

No. 92-7396

Summary Calendar.

Harvey F. GARLOTTE, Petitioner-Appellant,

v.

Kirk FORDICE, Governor, Respondent-Appellee.

Aug. 19, 1994.

Appeal from the United States District Court for the Southern District of Mississippi.

Before SMITH, EMILIO M. GARZA and PARKER, Circuit Judges.

PER CURIAM:

Petitioner Harvey F. Garlotte ("Garlotte") brings a *habeas corpus* action pursuant to 28 U.S.C. § 2254, challenging a 1985 state conviction for possession of marijuana. The district court, adopting the magistrate judge's Report and Recommendation, dismissed the petition for failure to exhaust state remedies without requiring the respondent to file an answer. We granted Garlotte's request for a Certificate of Probable Cause, ordering Respondent Kirk Fordice ("Fordice") to brief the issue whether the district court prematurely dismissed Garlotte's petition without requiring an answer or conducting an evidentiary hearing. Concluding that under recent United States Supreme Court precedent Garlotte was not "in custody" for purposes of § 2254, we affirm the district court's dismissal of the petition, but on the separate ground of lack of jurisdiction pursuant to 28 U.S.C. § 2254.

FACTS AND PROCEDURAL HISTORY

1

In 1985, Garlotte pleaded guilty to one count of possession with intent to deliver or sell one ounce or less of marijuana and was sentenced to three years imprisonment. On the same day he pleaded guilty to two counts of murder and received two life sentences, which the court ordered to run concurrently. The court also ordered that the concurrent life sentences were to run "consecutive, and after" the three year marijuana conviction. Garlotte did not appeal his marijuana conviction, and his two state post-conviction motions were denied. He is currently eligible for parole consideration on March 1, 1996.

In 1989, Garlotte filed a federal petition for *habeas corpus* relief challenging the 1985 marijuana conviction. Fordice filed a motion to dismiss for failure to exhaust state habeas remedies, and the magistrate judge recommended that the petition be dismissed with prejudice. The district court remanded the matter to the magistrate for reconsideration.

On remand, the magistrate recommended dismissing the petition without requiring Fordice to file an answer, concluding that although it was unclear whether Garlotte had exhausted his state remedies, even if they were unexhausted the requirement should be waived because exhaustion would be futile. After reviewing the magistrate's Report and Recommendation, the district court adopted it, dismissed the petition, and denied Garlotte's request for a Certificate of Probable Cause.

DISCUSSION

For the first time on appeal, Fordice argues Garlotte's

2

habeas petition should be dismissed for lack of subject matter jurisdiction because he is not "in custody" within the meaning of 28 U.S.C. § 2254. A challenge to subject matter jurisdiction may be raised for the first time on appeal because it may not be waived. *Hensgens v. Deere & Co.,* 833 F.2d 1179, 1180 (5th Cir.1987), *cert. denied,* 493 U.S. 851, 110 S.Ct. 150, 107 L.Ed.2d 108 (1989). Therefore, we address the question of whether Garlotte is "in custody" under the 1985 marijuana conviction.

Federal district courts lack subject matter jurisdiction to entertain § 2254 actions if, at the time the petition is filed, the petitioner is not "in custody" under the conviction or sentence which the petition attacks. *Maleng v. Cook,* 490 U.S. 488, 491, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989); see also *Hendrix v. Lynaugh,* 888 F.2d 336 (5th Cir.1989). Fordice argues that under *Maleng,* Garlotte is not "in custody" because his three year sentence for the marijuana conviction was fully expired before he filed his habeas petition with the district court. Specifically, Fordice contends that according to Garlotte's records at the Mississippi Department of Corrections, he was discharged from the marijuana conviction on June 1, 1986. He did not file his petition for habeas relief in federal court until 1989, after he was already serving time for the two concurrent life sentences for murder. Therefore, because the marijuana conviction he now attacks was not used for enhancement purposes for the concurrent life sentences for murder, and because the marijuana conviction is fully expired, Garlotte is not "in custody" for purposes of § 2254.

Garlotte does not challenge Fordice's contention that his three year marijuana sentence has expired, but argues instead that the Supreme Court's decision in *Peyton v. Rowe,* 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968), holding that a prisoner serving consecutive sentences is "in custody" under any one of the sentences, controls this case. Garlotte further argues that there exists a "positive and demonstrable" nexus between his current custody under the murder sentences and the prior marijuana conviction such that his challenge meets the jurisdictional requirements of § 2254. *Willis v. Collins,* 989 F.2d 187 (5th Cir.1993), quoting *Young v. Lynaugh,* 821 F.2d 1133, 1137 (5th Cir.1987), *cert. denied,* 484 U.S. 986, 108 S.Ct. 503, 98 L.Ed.2d 501 (1987), and *cert. denied,* 484 U.S. 1071, 108 S.Ct. 1040, 98 L.Ed.2d 1004 (1988). Specifically, he contends that but for his marijuana conviction, he would have been eligible for parole consideration on June 5, 1995, instead of March 1, 1996.

This Court has held that a petitioner can challenge a fully expired sentence if the expired sentence delayed the time for which the petitioner could receive credit for time served on the current sentence. *Cappetta v. Wainwright,* 406 F.2d 1238, 1239 (5th Cir.), *cert. denied,* 396 U.S. 846, 90 S.Ct. 55, 24 L.Ed.2d 96 (1969). Since *Cappetta,* however, the Supreme Court stated in *Maleng:*

> We have never held, however, that a habeas petitioner may be "in custody" under a conviction when the sentence imposed for that conviction has *fully expired* at the time the petition is filed.

*Maleng,* 490 U.S. at 491, 109 S.Ct. at 1925 (emphasis in original). Therefore, to the extent that the Supreme Court's decision in

4

*Maleng* is in conflict with this Court's decision in *Cappetta,* we now follow the rule established by *Maleng.*

In *Peyton,* the Supreme Court held that a petitioner who was serving consecutive sentences imposed by the state court is "in custody" under any one of those sentences. *Peyton,* 391 U.S. at 67, 88 S.Ct. at 1556. Unlike Garlotte, however, the petitioners in *Peyton* were challenging a sentence they had not yet begun to serve. Garlotte attempts only to challenge a sentence that is "fully expired" under the definition established by the Supreme Court in *Maleng.* Therefore, Garlotte's challenge to his "fully expired" marijuana conviction is not controlled by the Supreme Court's decision in *Peyton* because he is not attempting to challenge a sentence he has not yet begun to serve.

As for Garlotte's contention that because his parole consideration date has been delayed by the marijuana conviction a nexus exists between the marijuana conviction and the murder conviction, we find that this argument too must fail. As the Supreme Court stated in *Maleng:*

> [O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual "in custody" for the purposes of a habeas attack upon it.

*Maleng,* 490 U.S. at 492, 109 S.Ct. at 1926. Because Garlotte's parole delay merely constitutes a collateral consequence of his marijuana conviction, he has failed to allege a "positive and demonstrable" nexus between the marijuana conviction and the murder sentences he is now serving in order to meet the requirements of the *Maleng* exception established by this Court in *Willis.* Having

5

found that Garlotte is not "in custody" for purposes of subject matter jurisdiction, we decline to address the other issues he raises in his petition. Accordingly, we AFFIRM the district court's dismissal, but on the separate ground of the district court's lack of jurisdiction pursuant to 28 U.S.C. § 2254.