**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 95-30634**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**TERRY JOE WALKER,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Western District of Louisiana**
**(95-CV-0318,75-CR-192)**
_____

October 11, 1996

Before GARWOOD, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Pursuant to 28 U.S.C. § 2255, Terry Joe Walker, a state prisoner, challenges, *pro se*, his expired federal conviction. The district court held that Walker was no longer "in custody" for § 2255 purposes, and therefore construed the application under the stricter *coram nobis* standard. Assuming, without deciding, that Walker satisfies the § 2255 in custody requirement, his claims are without merit. We **AFFIRM**.

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

## I.

Terry Joe Walker pled guilty in 1975 to armed robbery of a bank, in violation of 18 U.S.C. §§ 2113(a) and (d).  He was sentenced to 12 years imprisonment.  While serving that sentence, he moved twice for its reduction or modification, and twice for its vacation.  The motions were denied.

Walker is currently confined in state prison under a conviction on a different charge.  He claims that his federal conviction enhanced this state sentence, and that, therefore, he is still "in custody" for § 2255 purposes.  Accordingly, he moved for § 2255 relief, raising primarily the same claims as in his previous motions.  The district court, holding that Walker was no longer in such custody, treated his motion as one for *coram nobis*, and denied it.

## II.

Here, Walker assumes *arguendo* that the not-in-custody ruling was correct.  Therefore, the parties address his claims under the more stringent *coram nobis* standards.  As discussed below, regarding the standard of review, we will apply that for § 2255 for analyzing Walker's claims, the differing views of the parties and the district court notwithstanding. *See **United States v. Ho***, 1996 WL 490329, *11 (Aug. 27, 1996)(Barksdale, J., dissenting); ***United States v. Vontsteen***, 950 F.2d 1086, 1091 (5th Cir.) (en banc),

- 2 -

***cert. denied***, 505 U.S. 1223 (1992).  Walker has not forfeited his § 2255 claims for the following reasons.

Although they eventually fall short, Walker presents § 2255 claims.  Although his brief assumes *arguendo* that he is not in such custody, it can be read to argue in favor of treating his claims as arising under § 2255.  Walker originally moved under § 2255; but, the district court treated the motion as one in *coram nobis.* Because we are necessarily reviewing this holding, and assume, without deciding, that Walker was "in custody" for § 2255 purposes, that claim is preserved.

## A.

For purposes of 28 U.S.C. §§ 2254 and 2255, "a person is 'in custody' pursuant to a conviction for which the sentence has expired if he presently is serving a subsequent sentence that was enhanced by the challenged conviction." ***United States v. Woods***, 870 F.2d 285, 286 n.1 (5th Cir. 1989).  This doctrine was called into doubt by ***Maleng v. Cook***, 490 U.S. 488 (1989), which held that habeas petitioners were no longer in custody once they had served their full sentence, and therefore were no longer eligible for habeas relief.  ***Id.*** at 492.  However, ***Allen v. Collins,*** 924 F.2d 88, 89 (5th Cir. 1991)***,*** reaffirmed that a sufficient nexus between the petitioner's current sentence and the prior conviction which he challenges will satisfy the jurisdictional requirement of § 2254. *See also* ***Willis v. Collins***, 989 F.2d 187 (5th Cir. 1993)(petitioner

"in custody" for purposes of § 2254 when there exists a "sufficient nexus" between the challenged conviction and the current sentence, such as an enhancement of the current sentence based on the challenged conviction).

Walker asserts, and the Government does not dispute, that his state sentence was enhanced as a result of the challenged federal conviction. Although our post-**Maleng** decisions in **Allen** and **Willis** concern § 2254, it is not necessary for purposes of our review to decide whether they compel finding § 2255 jurisdiction in this case. If § 2255 is not the appropriate vehicle, then *coram nobis* is. Accordingly, we start our analysis by assuming, *arguendo,* that § § 2255 applies.

### B.

This court will not disturb an order unless the error affects the substantial rights of the parties. FED.R.CIV.P. 61. As hereinafter discussed, the outcome of the claims would have been the same under § 2255 analysis; therefore, the rights of the parties were not affected, and the application of *coram nobis* standards was harmless error. (Because of this substantial rights analysis, we bypass the cause and prejudice analysis that arises customarily for successive § 2255 motions.)

### 1.

Walker's FED.R.CRIM.P. 11 claim is without merit. He was addressed personally during the guilty plea colloquy, and answered

affirmatively to the court's questions regarding his wish to plead guilty, his understanding of the charges against him, and his understanding of the penalties he faced. Walker points to no contradictory evidence. Accordingly, his claim does not meet the constitutional threshold for § 2255.

2.

Likewise, the ineffective assistance of counsel claim is without merit. To prevail on such a claim, Walker must show deficient representation that was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). His claim that such ineffective assistance led to an involuntary guilty plea rests on four grounds. He asserts that his attorney coerced him into pleading guilty by: (1) misleading him with respect to the admission of certain evidence at trial; (2) threatening that, if he were to go to trial, his wife would also be charged on similar counts; (3) deceiving him with respect to the particular charge to which he would be pleading guilty; and (4) threatening that appeal from a jury trial would be impossible. Walker does not claim that he was unaware that an appeal had not been filed or was otherwise deceived about the lack of an appeal.

Without having to examine the adequacy of representation, this claim fails because Walker does not present evidence showing prejudice, except his conclusory allegations that, but for his attorney's advice, he would have insisted on a trial. Without

more, we will not displace Walker's sworn declaration at the guilty plea, which expressed both the voluntariness of his plea, and his satisfaction with his representation. ***Blackledge v. Stumpf***, 431 U.S. 63, 74 (1977); ***United States v. Wilkes***, 20 F.3d 651, 652 (5th Cir. 1994).

### III.

For the foregoing reasons, the denial of relief is **AFFIRMED**. Walker is cautioned that any additional frivolous petitions filed by him will invite the imposition of sanctions.

***JUDGEMENT AFFIRMED; SANCTIONS WARNING ISSUED***