**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**October 17, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-10788
Summary Calendar
_____

JOHN J. HINES,

      Plaintiff-Appellant,

                       versus

ROBERT HELMS and
H.M.R. PROPERTIES,

      Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:03-CV-103
_____

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

    John J. Hines, a prisoner proceeding pro se, appeals the district court's dismissal of his civil rights complaint as frivolous and failing to state a claim on which relief can be granted. Hines also appeals the district court's refusal to accept and review his amended complaint. Hines sued Robert Helms and H.M.R. Properties pursuant to 42 U.S.C. § 1983. He alleged that

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Helms, his landlord, invaded his privacy by allowing the police to enter his residence and take his property. He also alleged that H.M.R. Properties, his employer, denied him back pay and the cost of a broken tooth. The district court dismissed the complaint with prejudice because Helms and H.M.R. Properties are not state actors as required by § 1983. The district court denied Hines's motion to amend the complaint, which would have added a state detective as a defendant. For the following reasons, we AFFIRM.

A district court must dismiss a prisoner's claim if it is malicious, frivolous, or fails to state a claim on which relief can be granted.[1] A complaint is frivolous if it lacks an arguable basis either in law or fact.[2] A district court's dismissal of a complaint as frivolous is reviewed for an abuse of discretion,[3] and a district court's dismissal of a complaint for failing to state a claim is reviewed de novo.[4]

The judge did not err by dismissing Hines's original complaint as frivolous and failing to state a claim. Any action brought pursuant to § 1983 requires the plaintiff to show a federal-rights deprivation by a state actor. Hines's original complaint made no

---

[1] 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) (1994).

[2] *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998).

[3] *Id.*

[4] *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

2

allegation of state action.  Reviewing this dismissal under either standard of review, the district court did not err.

A party may amend its pleading "once as a matter of course at any time before a responsive pleading is served."[5]  Plaintiff moved to amend before being served with a responsive pleading.  The judge denied Plaintiff's Motion to Amend.[6]  We affirm because any error that resulted was harmless.[7]  Plaintiff's proposed amended complaint makes only a conclusory allegation of conspiracy between the defendants and a state actor; it provides no factual basis for the allegation.  This bare allegation of conspiracy does not suffice to state a claim pursuant to § 1983.[8]  Accordingly, the district court's refusal to accept Plaintiff's amended pleading was harmless.

AFFIRMED.

---

[5] FED. R. CIV. P. 15(a).

[6] *Id.; see Willis v. Collins*, 989 F.2d 187, 189 (5th Cir. 1993) (noting that a party may amend as of right at any time before being served with a responsive pleading).

[7] *See Bazrowx v. Scott*, 136 F.3d 1053, 1054-55 (5th Cir. 1998) (affirming a district court's dismissal of a pro se plaintiff's complaint because any error was harmless).

[8] *Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986); *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982) (holding that "mere conclusory allegations of conspiracy cannot, absent reference to material facts" state a claim of conspiracy).