**John Junior DAYSE,**
**Plaintiff–Appellant,**

v.

**George SCHULDT, Chief of Police, et al., Defendants–Appellees.**

No. 88–6177
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Feb. 15, 1990.

---

John Junior Dayse, pro se.

Before WILLIAMS, JOLLY and DUHÉ, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Appellant John Dayse is an inmate in the Texas Department of Corrections. He filed this civil rights action under 42 U.S.C. § 1983 against Beaumont Police Chief George Schuldt, two Beaumont police officers later identified as D. Boteler and M. Manning, Jefferson County District Attorney Tom Maness, Sheriff Richard Culbertson, and Justice of the Peace Harold Engstrom. Dayse alleged that Chief Schuldt and Maness conspired to deprive him of the opportunity to defend himself against a charge of possessing "crack" cocaine. The charge is not related to the crime for which he is serving sentence. Dayse alleged that the police officers arrested him without probable cause and did not take him promptly before a magistrate. Dayse alleged that Sheriff Culbertson failed to have him promptly presented before the magistrate and that Justice Engstrom failed to find probable cause to detain him and also had not advised him of his rights. Dayse asked for a declaratory judgment that the defendants had violated his constitutional rights and rights under Texas law, injunctive relief, and compensatory damages.

The magistrate held a *Spears* hearing at which Dayse appeared and testified. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). The hearing tape has been filed as an exhibit but is inaudible. Dayse, in any event, does not dispute the magistrate's summary of the proceedings:

Plaintiff alleges that on the night of April 3, 1987, he was standing in a public place in the company of four other individuals. Two Beaumont police officers, since identified as D. Boteler and M. Manning, were apparently on routine patrol when they (according to their affidavit) observed Plaintiff drop a matchbox and place his foot on it. Upon inspecting the contents of the box, the officers discovered a substance they believed to be "crack," a form of cocaine, and arrested Plaintiff for possession of a controlled substance. Plaintiff relates the sequence of events somewhat differently: he states that the arresting officers could not possibly have seen who dropped the box since they were too far away at the time in question. He does not specifically deny placing his foot on the box, but rather alleges that the officers found the box on the ground in the immediate vicinity of five persons, one of whom was Plaintiff. He therefore maintains that the arrest was without probable cause.

Plaintiff's arrest occurred on a Friday night, but he did not appear in court until Monday morning, due to the unavailability of a magistrate over the weekend. When Plaintiff was taken before Justice of the Peace, Harold Engstrom, about sixty hours after his arrest, Defendant Engstrom allegedly failed to find probable cause and failed to inform Plaintiff of his rights.

The next day, Tuesday, Plaintiff was released, but was told that the investigation into his activities would continue. He contends that such silence constitutes

an affirmative representation that there would be no further proceedings against him, and that therefore Defendants Maness and Schuldt must have entered into a conspiracy to conduct a secret investigation (resulting in an indictment) in order to foreclose Plaintiff's opportunity to either request an examining trial or to challenge the array of the grand jury. Approximately two months following his initial arrest, Plaintiff was indicted. He was arrested pursuant to that indictment and held in custody for about seven months, when the case was dismissed pursuant to the motion of the assistant district attorney on the ground of the unavailability of one of the arresting officers as a critical witness.

The magistrate also considered documents sent to him by one of District Attorney Maness' assistants, including the affidavit for arrest warrant made by Officer Manning. These have been filed as exhibits in this Court.

In his report, the magistrate recommended dismissal of the action for failure to state a claim, Fed.R.Civ.P. 12(b)(6), and as frivolous, pursuant to 28 U.S.C. § 1915(d). Dayse filed timely objections. After a de novo evaluation, the district court adopted the magistrate's report and dismissed the action on grounds of failure to state a claim and frivolousness. Dayse filed a timely notice of appeal.

ISSUE 1:

■ Dayse urges that the district court erred by holding that Judge Engstrom and District Attorney Maness were entitled to absolute immunity. Dayse asserts that Judge Engstrom failed to inform him at the probable cause hearing which led to his release that he still would be given an examining trial before indictment if he was indicted. In support of his claim, Dayse cites only Tex.Code Crim.Proc.Ann. art. 15.17 (Vernon Supp.1989), which provides that an arrestee should be advised of various rights, including the right to an examining trial. He speculates that if he had known he had the right to an examining trial and counsel, he might not have been indicted. Dayse seems to argue that

Maness violated his rights by continuing to investigate his case and having him indicted after he had been released from jail.

■ Judicial officers are absolutely immune from liability for damages unless they act without jurisdiction. *Stump v. Sparkman,* 435 U.S. 349, 355–57, 98 S.Ct. 1099, 1104–05, 55 L.Ed.2d 331 (1978). Prosecutors are immune from liability relative to any of their acts done within the judicial phase of criminal proceedings. *Imbler v. Pachtman,* 424 U.S. 409, 424–31, 96 S.Ct. 984, 992–96, 47 L.Ed.2d 128 (1976). Prosecutorial investigation is not invariably cloaked in absolute immunity. *Compare Marrero v. City of Hialeah,* 625 F.2d 499, 505–10 (5th Cir.1980), *cert. denied, Rashkind v. Marrero,* 450 U.S. 913, 101 S.Ct. 1353, 67 L.Ed.2d 337 (1981) (only qualified immunity relative to alleged participation in allegedly illegal search and seizure) *with Cook v. Houston Post,* 616 F.2d 791, 793 (5th Cir.1980) (absolute immunity relative to investigating "a criminal prosecution"). Dayse, however, has not suggested any right of his that Maness may have violated during the investigatory phase of the ongoing event. Thus, the cases foreclose any claim for damages from Engstrom and Maness based on these allegations. Dayse does not now argue that he is entitled to injunctive relief, a claim which the district court was correct in rejecting as moot. *See McKinnon v. Talladega County, Alabama,* 745 F.2d 1360, 1363 (11th Cir.1984).

ISSUE 2:

■ Dayse claims as a second issue on appeal that "The Court should consider ... that a conspiracy *can* be inferred from circumstantial evidence...." This refers to his assertion that Chief Schuldt conspired with D.A. Maness. Dayse based this claim on the history of the criminal case. The district court found that Dayse was "wholly unable" to make fact-specific allegations at the *Spears* hearing. On appeal, Dayse does not attempt to remedy this shortcoming or even suggest what the object of the alleged conspiracy may have been.

In *Arsenaux v. Roberts,* 726 F.2d 1022, 1024 (5th Cir.1982), this Court held: "To establish a cause of action based on conspiracy a plaintiff must show that the defendants agreed to commit an illegal act." The Court held further that "[m]ere conclusory allegations of conspiracy cannot, absent reference to material facts," constitute grounds for § 1983 relief. *Id., quoted in Hale v. Harney,* 786 F.2d 688, 690 (5th Cir.1986); *accord Mills v. Criminal District Court #3,* 837 F.2d 677, 678–79 (5th Cir.1988). Dismissal of this claim with prejudice was appropriate because Dayse's brief and the record show that he could not state a claim against Schuldt that would have a realistic chance of success if he were granted leave to amend. *See Pugh v. Parish of St. Tammany,* 875 F.2d 436, 438 (5th Cir.1989); *Jacquez v. Procunier,* 801 F.2d 789, 792–93 (5th Cir.1986).

ISSUE 3:

█ Dayse contends that Officers Manning and Boteler arrested him without probable cause, and they were not entitled to qualified immunity. He acknowledges that Officer Manning said that he saw Dayse drop the matchbox containing crack and step on it with his right foot. Dayse does not assert that he did not drop the matchbox. He argues, instead, that Manning could not have seen him drop it because (1) the incident occurred at night, (2) Manning was 30 to 40 feet away, and (3) four other persons were standing close to Dayse at the time. But it is not disputed that after Dayse moved on order of Manning, the matchbox was revealed, and Manning picked it up.

The officers were entitled to qualified immunity from § 1983 liability if their conduct in arresting Dayse was objectively reasonable. *Malley v. Briggs,* 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986), holds: "Defendants will not be immune if, on an objective basis, it is obvious that no reasonably competent officer would have concluded that [an arrest] warrant should issue; but if officers of reasonable competence could disagree on this issue, immunity should be recognized."

Assuming that the officers may have had difficulty in seeing who dropped the matchbox, Manning certainly could see that Dayse had his foot on the matchbox after he had Dayse step to the side. This aspect of the episode, without more, gave the officers probable cause to arrest him.

ISSUE 4:

█ Detaining Dayse for 60 hours before he was brought before a magistrate raised a serious constitutional issue. *See United States v. Garza,* 754 F.2d 1202, 1211 (5th Cir.1985) (Goldberg, J., concurring) ("While we have never determined precisely how 'promptly' a detainee must be brought before a magistrate, there is no question that he must be brought before a magistrate in fewer than the two to eight days involved here."). Dayse clearly raised the constitutional issue throughout district court proceedings. Someone or some governmental agency brought about this probable constitutional violation. The problem with Dayse's allegations is whether he has sued the responsible party. Dayse sued a number of parties, and there is some question as to whom he should have sued. His complaint listed six defendants: the city chief of police, the presiding justice of the peace, the county sheriff, the district attorney, and the two arresting officers. In his complaint, he alleged that "the arresting officers as well as the J.C.D.C. [Jefferson County Detention Center] staff didn't take plaintiff without unnecessary delay in front of a detached judicial officer." He further alleged that the Beaumont Police Department and the Jefferson County Detention Center have an "investigative hold" policy of not presenting arrestees to a magistrate for 72 hours in order to further their investigations. In response to the documents submitted by the district attorney's office, Dayse urged specifically that the "no weekend magistrate" policy was constitutionally impermissible.

The magistrate noted that under Texas law, the arresting officer was to take an arrested person before a magistrate, and, therefore, Sheriff Culbertson was not the appropriate defendant for such an issue. The magistrate further held, however, that

the 60–hour delay did not violate Dayse's constitutional rights. This holding was contrary to *Gerstein v. Pugh,* 420 U.S. 103, 114, 95 S.Ct. 854, 863, 43 L.Ed.2d 54 (1975), the United States Supreme Court case that established the requirement that an arrestee be taken promptly before a magistrate. *See* the thorough opinion by Judge Bue in *Sanders v. City of Houston,* 543 F.Supp. 694, 702 (S.D.Tex.1982), *aff'd,* 741 F.2d 1379 (5th Cir.1984) (Table) (limit is 24 hours even on weekends and holidays).

It may be that some, or perhaps none, of the named defendants can be held responsible for what appears to have been a city or county policy of ignoring the dictates of *Gerstein v. Pugh* 12 years after it was decided. Any decision that the arresting officers or the justice of the peace are not liable or are immune, however, appears to be premature. The "no weekend magistrate" policy thus far in the record is enunciated only in a letter from the office of District Attorney Maness. Dayse was never advised to amend his pleadings to show how he might overcome any potential immunity defense. *See Elliott v. Perez,* 751 F.2d 1472, 1482 (5th Cir.1985). Dayse never had an opportunity for discovery because the district court never ordered service of process on the defendants. When a pro se plaintiff's suit raises a constitutional claim, but he has inadvertently sued the wrong parties, he should have been given leave to amend to sue the appropriate party or parties. *See Gallegos v. State of Louisiana Code of Criminal Procedures Art. 658 Paragraph A and C(4),* 858 F.2d 1091, 1092 (5th Cir.1988); *Hines v. Wainwright,* 539 F.2d 433, 434 (5th Cir.1976). This case must be remanded for further proceedings in accordance with this opinion. Dayse's allegations show a probable constitutional violation by someone. This claim is not frivolous, and he should be given full opportunity to pursue it.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.