United States Court of Appeals,

Fifth Circuit.

No. 92-1781

Summary Calendar.

Spencer Charles PARKER, Plaintiff-Appellant,

v.

FORT WORTH POLICE DEPARTMENT, and arresting officers, Defendants-Appellees.

Jan. 12, 1993.

Appeal from the United States District Court for the Northern District of Texas.

Before GOLDBERG, KING, and GARWOOD, Circuit Judges.

PER CURIAM:

Spencer Charles Parker, proceeding *pro se* and *in forma pauperis,* filed an action under 42 U.S.C. § 1983 against the Fort Worth police department and arresting officers. Parker's complaint alleged that the defendants violated his constitutional rights by subjecting him to false arrest and unlawful detention. The district court *sua sponte* dismissed Parker's action without requiring the defendants to answer, concluding that the claim is frivolous under 28 U.S.C. § 1915(d). Parker appeals the district court's dismissal. We reverse in part and affirm in part.

Facts and Proceedings Below

Parker was arrested and indicted in May 1990 for burglary of a vehicle. Parker's complaint alleges that the arresting officers had no evidence linking Parker to the burglary. Parker asserts that despite a total lack of evidence, he was incarcerated for nine months before the charges against him were dropped and he was released from jail. Parker also alleges that while detained pursuant to the May 1990 arrest he suffered severe injuries. Parker is currently incarcerated on a separate and unrelated charge.[1]

---

[1] These are the facts as presented by Parker in his complaint. The Supreme Court has stated that the "initial assessment of the *in forma pauperis* plaintiff's factual allegations must be weighted in favor of the plaintiff." *Denton v. Hernandez,* --- U.S. ----, ----, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). Dismissing the complaint as frivolous on the basis of factual allegations "is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Id.*

The district court dismissed Parker's complaint under 28 U.S.C. § 1915(d), noting that Parker is currently in custody and that "habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement."  The court concluded that Parker "should present his claims as a petition for a writ of *habeas corpus* and must exhaust state habeas remedies before bringing his § 1983 claim into federal court."

Analysis

Section 1915(d) authorizes federal courts to dismiss a claim filed *in forma pauperis* "if satisfied that the action is frivolous."  A claim is frivolous under § 1915(d) only if "it lacks an arguable basis either in law or in fact."  *Denton v. Hernandez,* --- U.S. ----, ----, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).  Even if the complaint fails to state a claim under Fed.R.Civ.P. 12(b)(6), the Court has held that it may nonetheless have an arguable basis in law and hence not be frivolous under § 1915(d).  *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

We review a district court's dismissal under § 1915(d) only for abuse of discretion.  *Denton v. Hernandez,* --- U.S. ----, ---- - ----, 112 S.Ct. 1728, 1733-34.  In the context of § 1915(d), the Court has given substance to the usually vague abuse of discretion standard, stating that "it would be appropriate for the court of appeals to consider among other things, whether the plaintiff was proceeding *pro se,* (citation omitted) ... [and] whether the court applied erroneous legal conclusions ..." *Id.* --- U.S. at ----, 112 S.Ct. at 1734.  *See Moore v. Mabus* 976 F.2d 268, 271 (5th Cir.1992) (applying the *Denton* analysis and finding abuse of discretion.)  We hold that the district court abused its discretion in the instant case because its dismissal of Parker's complaint was based on an erroneous legal conclusion.

The district court dismissed Parker's § 1983 complaint, concluding that since Parker is challenging the validity of his confinement, Parker's claim should be presented as a petition for a writ of habeas corpus.  The district court's reasoning would be correct if Parker's claims of false arrest and illegal detention challenged the validity or length of his *current* confinement.  We have held that "the civil rights claims for such damages must first be subject to the exhaustion of state remedies because

_____

As these facts are clearly plausible we assume their accuracy in the analysis that follows.

the challenge amounts to a *habeas corpus* proceeding under 28 U.S.C. § 2254." *Johnson v. Texas,* 878 F.2d 904, 906 (5th Cir.1989) (citing *Fulford v. Kline,* 529 F.2d 377 (5th Cir.1976) *adhered to en banc,* 550 F.2d 342 (1977)).  However, Parker's complaint does not challenge his present confinement, rather the complaint challenges his confinement subsequent to the May 1990 arrest which ended when the charges against Parker were dismissed and Parker was released.  Because Parker does not challenge his present confinement, the district court erred in holding that Parker should have brought his claim as petition for a writ of habeas corpus.

The habeas corpus statute, 28 U.S.C. § 2241(c), provides that "the writ of habeas corpus shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States."  The Court has explained that "the essence of habeas corpus is an attack by a person in custody upon the legality of *that* custody ..." *Preiser v. Rodriguez,* 411 U.S. 475, 484, 93 S.Ct. 1827, 1833, 36 L.Ed.2d 439 (1973) (emphasis added).

In *Maleng v. Cook* the Supreme Court interpreted language of the habeas corpus statute "as requiring that the habeas petitioner be "in custody' under the conviction or sentence under attack at the time his petition is filed."  490 U.S. 488, 490-91, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989). The Court affirmed the district court's holding that "respondent was not "in custody' for the purposes of a habeas attack on [a prior] conviction because the sentence imposed for that conviction had already expired." *Id.  See also Hendrix v. Lynaugh,* 888 F.2d 336 (5th Cir.1989) ("Federal district courts do not have jurisdiction to entertain [habeas corpus] actions if, at the time the petition is filed, the petitioner is not "in custody' under the conviction or sentence which the petition attacks"); *Ali v. Higgs,* 892 F.2d 438, 439 (5th Cir.1990) (question whether petitioner exhausted state remedies need not be addressed because petitioner's current confinement resulted from a conviction unrelated to the arrest that formed the basis of his § 1983 claim).

As Parker is not in custody for the offense he challenges in his complaint, i.e., his May 1990 arrest and detention, a district court would not have jurisdiction to review Parker's complaint under the habeas corpus statute.  In *Conner v. Pickett,* 552 F.2d 585, 587 (1977), we explained that while " "habeas corpus is the exclusive initial cause of action where the basis of the claim goes to the

constitutionality of the state court conviction' ... (citation omitted), [o]f course this bow to the integrity of the state judicial administration is unnecessary where a section 1983 plaintiff is ineligible for habeas corpus relief." Parker is ineligible for habeas corpus relief and properly challenged his May 1990 arrest and detention under § 1983. Because the district court dismissed Parker's complaint on the basis of an erroneous legal conclusion, i.e., that Parker's claim should be brought under habeas corpus rather than § 1983, we hold that the court abused its discretion.

The district court also dismissed Parker's complaint because the complaint named the Forth Worth police department as a defendant and the department "is not a proper party defendant in this civil rights suit arising from the purported actions of the City's police officers." (citing *Darby v. Pasadena Police Dep't.,* 939 F.2d 311, 313-314 (5th Cir.1991)). Though the trial court's legal conclusion may be correct, this conclusion does not constitute a proper ground for dismissing Parker's claim. In *Darby* we held that leave to amend, rather than dismissal, was the appropriate disposition because there was no showing that the city would be prejudiced by the amendment. *Id. See Denton v. Hernandez,* --- U.S. ----, ----, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992) ("a court of appeals reviewing a § 1915(d) disposition should consider whether the District Court abused its discretion by dismissing the complaint ... without leave to amend.") The district court below made no findings of prejudice. Moreover, Parker is proceeding *pro se,* and as we have repeatedly stated:

> An opportunity should be provided the prisoner to develop his case at least to the point where any merit it contains is brought to light ... *Pro se* prisoner complaints must be read in a liberal fashion and should not be dismissed unless it appears beyond all doubt that the prisoner could prove no set of facts under which he would be entitled to relief. *Jackson v. Cain,* 864 F.2d 1235, 1241 (5th Cir.1989) (quoting *Taylor v. Gibson,* 529 F.2d 709, 713-14 (5th Cir.1976)).

We also note that the complaint was filed on August 27, 1992, and the judgment and order of dismissal were signed August 31, 1992. There was no hearing under *Spears v. McCotter,* 766 F.2d 179 (5th Cir.1985), no interrogatories to Parker and no supplemental filing by him, no magistrate's report, and nothing to alert Parker to the deficiency in this respect in his complaint or the prospect of such imminent dismissal; and the allegations of the complaint do not indicate that affording leave to amend would in all likelihood be futile. Nor did the district court address the matter of possible amendment. We hold that under these facts the district court abused its discretion in dismissing

Parker's complaint, rather than granting Parker leave to amend.

Parker's § 1983 claim alleges that Parker was falsely arrested and illegally detained for nine months. In *Duckett v. City of City Park* we held that "[a]n individual has a federally protected right to be free from unlawful arrest and detention resulting in a significant restraint in liberty and violation of this right may be grounds for suit under 42 U.S.C. § 1983." 950 F.2d 272, 278 (5th Cir.1992). *See also Dennis v. Warren,* 779 F.2d 245, 247 (5th Cir.1985) ("An individual's right to be free from such unlawful arrest and detention is a federally protected right, the violation of which may be grounds for a suit under section 1983"). In light of the factual allegations made by Parker in his complaint and the legal standard outlined by this court in *Duckett,* it cannot be said that Parker's unlawful arrest and detention claim lack an "arguable basis in law." Significantly, the district court never exercised its discretion to determine whether the false arrest and illegal detention claims against the individual officers lacked an arguable basis in law or fact, as it dismissed these claims solely on the erroneous basis that Parker was required to exhaust habeas corpus remedies. As the district court's dismissal of Parker's complaint as frivolous under § 1915(d) was based on an error of law this portion of the judgment is reversed.

Finally, the district court correctly dismissed Parker's claims regarding injuries Parker suffered while in detention. This allegation has been raised by Parker in a previous § 1983 action and cannot be relitigated. *Wilson v. Lynaugh,* 878 F.2d 846, 850 (5th Cir.) *cert. denied,* 493 U.S. 969, 110 S.Ct. 417, 107 L.Ed.2d 382 (1989).

## Conclusion

For the foregoing reasons the district court's dismissal of Parker's complaint alleging false arrest and illegal detention is REVERSED. The district court's dismissal of Parker's claim alleging injuries suffered while in custody is AFFIRMED, and we REMAND the case for further proceedings in accordance with this opinion.