IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-10268

Summary Calendar
_____


DAVID WILLIAM THOMPSON,

Plaintiff-Appellant,

v.

DAVID WILLIAMS, ET AL.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
(4:95-CV-066Y)
_____
(May 19, 1995)

Before KING, JOLLY, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant David William Thompson appeals the

dismissal as frivolous of his civil rights complaint under 42

U.S.C. § 1983.  We affirm in part and vacate and remand in part.

Proceeding pro se and in forma pauperis, Thompson, an inmate

serving a five-year sentence at the Tarrant County, Texas, jail,

filed a civil rights complaint against Tarrant County Sheriff

_____

[*]Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

David Williams and John Peter Smith Hospital, the medical facility contracted to meet the medical needs of the county jail. Thompson alleged that he had gum disease and seven rotten teeth. He had seen the dentist three times since he was incarcerated five months earlier, and the dentist had given Thompson antibiotics and mouthwash. The dentist told Thompson that he needed to have his teeth pulled, but that the dentist was not authorized to do that amount of work. Thompson alleged that Sheriff Williams would not transfer him to the Texas Department of Criminal Justice (TDCJ) so that Thompson could receive the necessary dental work. For relief, Thompson requested transfer to the medical floor, to be placed on the medical-transfer list to TDCJ, or an order for the hospital to perform the necessary dental work.

Although the magistrate judge granted Thompson IFP status, the district court ordered Thompson to show cause why he should not pay a partial filing fee and to explain how the named defendants were liable. Thompson's IFP application indicated that he had received from family $115 within the last five months, although his prison account had a zero balance. The court noted that Thompson's complaint failed to allege a constitutional violation.

After Thompson filed his response to the district court's order, the district court concluded that Thompson failed to allege facts against the two named defendants and that, regardless of who was named as defendant, Thompson's allegations

2

amounted to no more than negligence or medical malpractice. Although the district court did not require Thompson to pay a partial filing fee, the court found that Thompson was capable of paying a $20 partial filing fee. The court ordered Thompson, if Thompson filed another complaint in the Northern District of Texas in the next six months, "to notify the judge presiding that he has been required to pay a $20.00 partial filing fee in subsequent suits." The court noted that the presiding judge will then be required to determine whether such a fee would deny Thompson access to the courts. The district court dismissed, without prejudice, Thompson's complaint.

Dismissal as Frivolous

Although not expressly stated, the district court dismissed Thompson's complaint as frivolous under 28 U.S.C. § 1915(d). See Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). An IFP complaint may be dismissed as frivolous if it lacks an arguable basis in law or fact. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992). This court reviews for an abuse of discretion. Id. at 1734. Thompson argues that the failure of the medical staff to treat his dental condition and the failure to arrange prompt transfer to TDCJ, where he can receive the dental treatment, amounts to cruel and unusual punishment.[1]

---

[1] The district court held that Thompson failed to allege acts by the named defendants for which they would be liable. Because Thompson would be entitled to amend his complaint in order to name proper defendants if he had raised a constitutional claim in his pleadings, see Dayse v. Schuldt, 894 F.2d 170, 174 (5th Cir. 1990), the analysis proceeds under the assumption that Thompson has named proper defendants in his complaint.

A claim under 42 U.S.C. § 1983 requires the plaintiff to prove the denial of a federal right by a person acting under color of state law.  See Daniel v. Ferguson, 839 F.2d 1124, 1128 (5th Cir. 1988).  "[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle v. Gamble, 429 U.S. 97, 105 (1976).

> [A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Farmer v. Brennan, 114 S. Ct. 1970, 1979 (1994).  "Under exceptional circumstances, a prison official's knowledge of a substantial risk of harm may be inferred by the obviousness of the substantial risk."  Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).

Although inartfully pleaded, Thompson alleged that the dentist diagnosed the need for Thompson's teeth to be extracted, dental surgery which the dentist was not authorized to perform. Further, Thompson alleged that this required medical treatment is not being provided, that he experiences a considerable amount of suffering, and that the jail officials do not appear to be arranging for the surgery or speeding up his transfer to a TDCJ facility where Thompson can receive the needed medical work.[2]

---

[2]      We note that the response of the Tarrant County Sheriff's Department to Thompson's grievance was to advise Thompson to have his attorney move the state court to have Thompson's name placed on the medical-transfer list.

4

"Under certain circumstances, allegations of deliberate indifference may be shown when prison officials deny an inmate recommended treatment by medical professionals." Payne v. Lynaugh, 843 F.2d 177, 178 (5th Cir. 1988); see Samuel v. Bowles, No. 93-1072 at 5-8 (5th Cir. Oct. 22, 1993) (holding that pretrial detainee has stated a claim under § 1983 of intentional interference with prescribed medical treatment) (unpublished). "[T]he facts underlying a claim of `deliberate indifference' must clearly evince the medical need in question and the alleged official dereliction." Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985) (citation omitted).

Arguably, Thompson has stated a claim of denial of medical care under the Eighth Amendment which, with further factual development, "may pass section 1915(d) muster." Eason v. Thaler, 14 F.3d 8, 10 (5th Cir. 1994). Thompson alleged that he has received dental treatment three times since his incarceration and that the dentist has prescribed antibiotics and mouthwash. Further factual development, through the use of a Spears[3] hearing or a questionnaire, may reveal that the treatment of antibiotics and mouthwash will maintain Thompson's dental condition until the transfer to a TDCJ facility or the scheduling of the needed surgery while incarcerated in the county jail. See Mendoza v. Lynaugh, 989 F.2d 191, 193 (5th Cir. 1993) (district court using inmate's medical records to conclude that inmate's claims of delay of medical care and improper medical care were frivolous).

---

[3]Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

However, under the limited facts of the present record, the district court abused its discretion in dismissing Thompson's claim as frivolous. See Eason, 14 F.3d at 10. The district court on remand should also allow Thompson to amend his complaint to name the appropriate defendants. See Dayse, 894 F.2d at 174.

Thompson also argues that he is entitled to the dental surgery under the Equal Protection Clause of the Fourteenth Amendment because he is a U.S. citizen by birth. In his response to the court's show-cause order, Thompson contended that if he could be physically moved to John Peter Smith Hospital,

> he would not be discriminated against and since he is a natualized [sic] born citizen he should have the same right to have proper medical attention while incarcerated because he can[no]t afford to hire an attorney to have him placed no [sic] the medical transfer list as recommened [sic] by grievance department.

It appears that Thompson is attempting to raise an equal protection claim based on alleged discriminatory medical treatment between incarcerated persons and indigent persons who are not incarcerated. The district court did not address expressly this claim. "The [E]qual [P]rotection [C]lause mandates similar treatment of persons in similar situations." Arceneaux v. Treen, 671 F.2d 128, 131 (5th Cir. 1982). The groups implicitly identified by Thompson are not similarly situated. Therefore, the equal protection claim is frivolous, and its implicit dismissal by the district court is affirmed.

Court Order to Pay Partial Filing Fee in the Future

6

The district court imposed upon Thompson a requirement that he pay a $20.00 partial filing fee in any suit he may file in the Northern District of Texas in the next six months, from the date of the court's order. Thompson explains to this court that he had no money in his prison account when he filed his complaint, and the $115 he had received in the past five months, had been spent on commissary supplies. In light of Thompson's IFP status in this suit and in light of liberal construction accorded pro se writings, Thompson is contesting this prospective order of partial payment.

The district court did not rely upon Fed. R. Civ. P. 11 in its order nor is its decision based on frivolousness. Therefore, the order is not a sanction. In the district court's show-cause and dismissal orders, the court looked at Thompson's economic situation. "The only determination to be made by the court" in determining whether to grant leave to file an action IFP "is whether the statements in the affidavit satisfy the requirements of poverty." Watson v. Ault, 525 F.2d 886, 891 (5th Cir. 1976).

The district court failed to identify by what authority it can impose its prospective IFP determination, with a six-month shelf life, on Thompson before Thompson has attempted to file any subsequent complaint. A review of the district court's local rules does not disclose such authority. See N.D. Tex. R. 12.1 (fees), 12.7 (applications to proceed IFP). Although a district court has discretion to determine, by examining an IFP applicant's prison-account balance and considering regular

7

periodic deposits to that account, whether the IFP applicant should pay a partial filing fee for the case at hand, see Smith v. Martinez, 706 F.2d 572, 573-74 (5th Cir. 1983), we have found no authority for making such a determination for prospective application.  Accordingly, the portion of the district court's order requiring Thompson to pay a $20.00 partial filing fee in any suit he may file in the Northern District of Texas in the next six months is vacated.

AFFIRMED in part, VACATED and REMANDED in part as to the alleged denial-of-medical-care claim and payment of partial filing fee for future suits.