**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 22 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MARK A. THORMAN,

        Plaintiff-Appellant,

v.

BERNALILLO COUNTY
DETENTION CENTER; JOHN DOE,
Director, Bernalillo County Detention
Center; BERNALILLO COUNTY
DETENTION CENTER MEDICAL
DEPARTMENT; CITY OF SANTA
FE; SANTA FE COUNTY
CORRECTIONAL FACILITY,

        Defendants-Appellees.

No. 00-2073
(D.C. No. CIV-00-0003-LH)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY** , **KELLY** , and **LUCERO** , Circuit Judges.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Mark A. Thorman appeals from the district court's sua sponte dismissal with prejudice of his complaint under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6). We affirm in part, vacate in part, and remand. [1]

Thorman's complaint, brought pursuant to 42 U.S.C. § 1983, charges that he was arrested for a parole violation and incarcerated at the Bernalillo County Detention Center (BCDC). Due to overcrowding at the BCDC, he was transported to the Santa Fe Correctional Facility (SFCF). At SFCF, he was assaulted by three inmates in his cell. As a result of the assault, he suffered a black eye, a "busted lip," and a swollen side.

On the day after the assault, Thorman was transported back to BCDC. He states that he notified BCDC personnel of a severe pain in his side, blood in his urine, and a possible broken rib. He filled out and turned in a sick call slip to medical staff, who he says refused to assist him. For three days, he urinated blood. Finally, four days after the assault, he was taken to the emergency room at Bernalillo County Medical Center (BCMC), where he was diagnosed with a ruptured kidney and severely bruised ribs. He was prescribed painkillers and

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

aspirin at BCMC; however, he was not provided with the painkillers and was only given aspirin five days after he entered the hospital.

In his complaint, Thorman alleges causes of action based upon the defendants' failure to protect him from assault, and their deliberate indifference to his serious medical needs. [2] We review de novo the district court's dismissal for failure to state a claim under Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii). Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999). A district court may dismiss sua sponte with prejudice a pro se complaint for failure to state a claim. McKinney v. Oklahoma, 925 F.2d 363, 365 (10th Cir. 1991). Such a dismissal, however, "is appropriate only where it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [him] an opportunity to amend [his] complaint would be futile." Whitney v. New Mexico, 113 F.3d 1170, 1173 (10th Cir. 1997) (quotations omitted).

The district court determined that Thorman failed to state an Eighth Amendment claim resulting from the decision to transfer him to SFCF, or from failure to protect him from the resulting assault that occurred there. We agree. Thorman does not allege any facts showing that defendants were deliberately

_____

[2] Thorman also includes allegations of excessive force. The district court did not discuss this claim. There is nothing pled in Thorman's complaint that would indicate that any of the defendants exercised excessive force, or indeed any force at all, against him. Therefore, any claim for excessive force was properly dismissed.

indifferent to the possibility that he might be harmed at SFCF. See Farmer v. Brennan , 511 U.S. 825, 837 (1994) (stating deliberate indifference standard). There is no indication in Thorman's complaint that defendants did anything prior to the assault other than transfer him to SFCF due to overcrowding. It is patently obvious that Thorman could not prevail on the facts alleged concerning this claim, and that granting him leave to amend would be futile.

The district court also concluded that Thorman failed to state a claim for deliberate indifference to his serious medical needs. The district court concluded that "[p]laintiff's allegation that Defendants delayed administering pain relief medication for several days is legally insufficient because the delay did not result in substantial harm." R. doc. 8, at 3. The district court reached this conclusion before publication of our opinion in Sealock v. Colorado , 218 F.3d 1205 (10th Cir. 2000). In Sealock , we held that unnecessary and wanton infliction of pain from delay of medical treatment, if sufficiently serious, could itself constitute "substantial harm" for Eighth Amendment purposes. Id. at 1210. Given our opinion in Sealock , we conclude that the district court acted prematurely in dismissing Thorman's claim for deliberate indifference to medical needs.

In the course and scope of our de novo review, however, we note another potential defect in the denial of medical care claim, not addressed by the district court. In spite of factual allegations that numerous individuals were responsible

-4-

for denying him medical care, Thorman has sued only one individual, the director of BCDC. He has failed to allege that the director was aware of and disregarded an excessive risk to his health. See Lopez v. LeMaster, 172 F.3d 756, 760-61 (10th Cir. 1999) (stating standard for liability). He has also failed to allege a sufficient basis for holding the remaining defendant entities liable for any alleged acts of deliberate indifference by medical personnel at BCDC. [3] See id. at 763 (discussing municipal liability for deliberate indifference).

Thorman contends that his complaint was sufficiently meritorious that he should have been given notice of the district court's intent to dismiss, and allowed leave to amend his complaint. Although he makes this argument in connection with the dismissal for failure to allege sufficiently serious harm, his request to be allowed leave to amend applies equally to the defect we have independently noted.

---

[3] While his complaint states that the cities of Albuquerque and Santa Fe are "responsible for the hiring of Defendants whom [sic] denied the Plaintiffs [sic] rights under the 8th Amendment of the Constitution to . . . denial of medical treatment," R. doc. 1 at 3, this allegation falls short in two respects. First, no employees of these entities other than the director himself are named as "defendants" in the complaint. Second and more seriously, Thorman fails to allege any deficiencies in the cities' hiring, training or supervision of the individuals who he claims were deliberately indifferent to his medical needs, resulting in his injuries. See, e.g., Lopez v. LeMaster, 172 F.3d 756, 760 (10th Cir. 1999).

Thorman's complaint identifies the individuals who he claims denied him medical care, and at one point even refers to them as "defendants;" he simply fails to name them as defendants in the caption. His complaint clearly can be amended to remedy this deficiency. See Parker v. Fort Worth Police Dep't., 980 F.2d 1023, 1026 (5th Cir. 1993) (remanding to allow pro se plaintiff to amend complaint charging excessive force where plaintiff improperly named Fort Worth police department as defendant rather than individual officers). We therefore vacate the dismissal with prejudice of Thorman's deliberate indifference claim and remand for further proceedings.

In sum, we agree with the district court that it is patently obvious that Thorman could not prevail on the facts alleged in support of his "failure to protect" claim, and allowing him an opportunity to amend his complaint to restate that claim would be futile. We cannot reach the same conclusion, however, concerning his deliberate indifference to serious medical needs claim. Thorman's factual allegations concerning that claim are sufficient to avoid sua sponte dismissal with prejudice under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2). See Whitney, 113 F.3d at 1173. On remand, Thorman should be allowed to amend his complaint concerning this claim to cure its deficiencies.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED in part, VACATED in part, and REMANDED for further proceedings in accordance with this order and judgment.  The mandate shall issue forthwith.

                                        Entered for the Court


                                        Carlos F. Lucero
                                        Circuit Judge