IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10903
Summary Calendar
_____

SALVADORE RAMIREZ,

                                              Plaintiff-Appellant,

versus

BOB GUZIK, Warden,

                                              Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:00-CV-409-Y
--------------------
March 27, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Salvadore Ramirez (federal prisoner #07605-040) appeals the district court's final judgment dismissing his Bivens[1] action as frivolous under 28 U.S.C. §§ 1915(e)(2)(B)(I), 1915A(b)(1). He argues that the district court erred in dismissing his complaint for the sole reason that he listed Warden Bob Guzik as the only named defendant. He maintains that Warden Guzik was a properly named defendant based on his "executive" position at the Federal

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

Medical Center in Fort Worth, Texas.  Alternatively, he argues that the district court should have at least given him an opportunity to amend his complaint prior to dismissal.

As the district court noted, Ramirez has not alleged that Warden Guzik was personally involved in the denial of adequate medical treatment or that Guzik implemented a policy which resulted in the denial of adequate medical treatment.  See Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987).  Accordingly, the portion of the district court's final judgment dismissing Ramirez's claim against Warden Guzik as frivolous is AFFIRMED.  Because Ramirez has not challenged it on appeal, we also AFFIRM the portion of the district court's final judgment dismissing any potential claims against the Federal Bureau of Prison without prejudice to his right to seek relief under the Federal Tort Claims Act.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993)(stating that issues not briefed on appeal are abandoned).

We nevertheless conclude that the district court abused its discretion in dismissing Ramirez's complaint without giving him an opportunity to amend.  See Parker v. Fort Worth Police Dep't, 980 F.2d 1023, 1025-27 (5th Cir. 1993)(concluding, under similar circumstances, that the district court abused its discretion in dismissing plaintiff's complaint under former 28 U.S.C. § 1915(d) without first granting plaintiff leave to amend); Dayse v. Schuldt, 894 F.2d 170, 174 (5th Cir. 1990)(stating that, when a pro se plaintiff raises a constitutional claim but inadvertently sues the wrong party, he should be given leave to amend to sue

the appropriate party or parties).  Accordingly, we VACATE the

district court's final judgment in part and REMAND the case for

further proceedings consistent with this opinion.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.