IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40115
Conference Calendar
_____

DALE ALAN CURTIS,

                                        Plaintiff-Appellant,

versus

OLLIE SANDERS, Correctional Officer; LEE GLASS,
Lieutenant; WESLEY FREEMAN, Major; MATTHEW HILYAR,
Sergeant; SALVATORE VALASTRO, Correctional Officer;
RONNIE BEAN, Correctional Officer; LEROY DENNIS, JR.,
Sergeant; CLEOPHUS LEWIS, Sergeant; CHARLES KEETON,
Senior Warden; EDDIE WILLIAMS, Assistant Warden;
EUGENE HARBIN, Assistant Warden; ANITA BREAUX,
Correctional Officer; DAVID WICKERSHAM, Captain;
LEON GUINN, Director of Internal Affairs; CIRCO
DE LA VESA, Investigator; JOHN M. BLACK, Investigator;
KATHY CLEERE, Administrator; DEBRA WEST, Investigator;
WAYNE SCOTT, Director, Texas Department of Criminal
Justice, Institutional Division; JANIE COCKRELL,
DIRECTOR, Texas Department of Criminal Justice,
Institutional Division; ALLEN POLUNSKY, Chairman of
The Board of Texas Department of Criminal Justice;
THOMAS E. MANESS, District Attorney; MITCH WOODS,
Sheriff; GEORGE W. BUSH, Governor; SYLVESTER TURNER,
State Representative; JOHN WHITMIRE, Senator; KAY
BAILEY HUTCHISON, Senator; DON K. CLARK, Agent for FBI,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:00-CV-688
--------------------
August 23, 2001

Before KING, Chief Judge, and POLITZ and PARKER, Circuit Judges.

PER CURIAM:[*]

_____

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent

Dale Alan Curtis (Texas prisoner #644162) appeals the district court's dismissal of his civil rights action under 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim. Curtis argues that the district court erred in rejecting his due-process claim pertaining to the improper confiscation of his fan by a correctional officer, contending that he has no adequate post-deprivation remedies in Texas. Curtis' contention, however, is unavailing. See Murphy v. Collins, 26 F.3d 541, 543-44 (5th Cir. 1994).

He also challenges the dismissal of his claim that the correctional officer acted with a retaliatory motive in confiscating his fan, but he makes no showing that the district court erred in rejecting this claim as conclusional. See Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995); see also Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Rather, he argues that the district court failed to notify him about his complaint's deficiencies and failed to give him an opportunity to amend his complaint to correct those deficiencies. Curtis' argument is frivolous given that he was apprised of the possible bases for dismissal in the magistrate judge's report and had the opportunity to file, and did in fact file, objections to that report without seeking to amend his complaint. Cf. Parker v. Fort Worth Police Dep't, 980 F.2d 1023, 1025-26 (5th Cir. 1993)(concluding that district court's dismissal was abuse of

---

except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

discretion because prisoner was not provided with, among other things, a magistrate judge's report to alert him to the deficiency in his complaint or the prospect of imminent dismissal).

The district court did not err in dismissing Curtis' complaint under 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim.  Curtis' appeal is also frivolous and is therefore DISMISSED.  See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5th Cir. R. 42.2.  The dismissal of Curtis' complaint as frivolous and for failure to state a claim and the dismissal of this appeal as frivolous will each count as a "strike" for the purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  We note that Curtis has at least three other strikes against him.  See Curtis v. West, No. 00-40751 (5th Cir. Apr. 10, 2001)(unpublished) (stating that dismissal of that complaint and dismissal of that appeal each counted as a strike); Curtis v. Hanna, USDC No. 3:95-CV-945-X (N.D. Tex. July 17, 1995)(dismissal of civil rights complaint as frivolous).  By accumulating three strikes, Curtis is BARRED from proceeding in forma pauperis in any subsequent civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR INVOKED.