United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 8, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 03-10765
Summary Calendar
_____

EDWIN EARL KIMBRELL,

Plaintiff-Appellant,

versus

M.G. THALER; JAMES D. MOONEYHAM; RICHARD E. WATHEN;
DAVID E. POTTER, M.D.; HARRY EDWARDS; MARY WAGNER;
PATRICIA MCAFEE; ANNE ESCALERA; TINA L. CARROLL,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:02-CV-279-R
_____

Before JONES, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Edwin Kimbrell, Texas prisoner No. 429359, appeals the district court's denial of his motion to proceed in forma pauperis (IFP) and certification that his appeal would not be taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997). Kimbrell argues that he alleged facts sufficient to support his

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claims of deliberate indifference, <u>i.e.</u>, that each defendant was aware of the importance of Kimbrell taking as prescribed his medication for his cardiac condition but deliberately disregarded that need.

The district court dismissed Kimbrell's 42 U.S.C. § 1983 complaint as frivolous upon determining that, even after answering the district court's questionnaire, he failed to allege specific instances supporting his claims. Our review of the record reveals either that (1) the grievances and documents attached to Kimbrell's complaint stated specific instances to support his deliberate-indifference claims or (2) Kimbrell might be able to allege specific instances of deliberate indifference if provided with certain prison records. See <u>Parker v. Fort Worth Police Dept.</u>, 980 F.2d 1023, 1026 (5th Cir. 1993); <u>Jacquez v. Procunier</u>, 801 F.2d 789, 793 (5th Cir. 1986); <u>see</u> <u>also</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 104-05 (1976). A review of the record also reveals that Kimbrell may be able sufficiently to allege valid 42 U.S.C. § 1983 claims with respect to his other claims. See <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994); <u>Palmer v. Johnson</u>, 193 F.3d 346, 353 (5th Cir. 1999). Kimbrell should be given an opportunity to further develop his claims.

Kimbrell's motion to proceed IFP is **GRANTED**. The district court's certification that an appeal would not be taken in good faith is **VACATED**. The dismissal of Kimbrell's complaint as

frivolous is VACATED, and the case is **REMANDED** for further proceedings.

3