**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 15, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60825
Summary Calendar

_____

RICHARD MERLE SWITZER,

                                        Plaintiff-Appellant,

versus

KOSTA N. VLAHOS; STEVEN B. SIMPSON; CONO A. CARANNA, II;
LUTHER T. BRANTLEY, III; JO ANNE MCLEOD; FELICIA DUNN BURKES,

                                        Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:03-CV-642-GGU
---------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Richard Merle Switzer, Mississippi state prisoner # 47818,

appeals the district court's dismissal of his 42 U.S.C. § 1983

civil rights action.  The district court held that some of

Switzer's claims were frivolous and malicious, 28 U.S.C.

§ 1915(e)(2)(B)(i), and that relief on his other claims was

barred by judicial or prosecutorial immunity, 28 U.S.C.

§ 1915(e)(2)(B)(iii).  We DISMISS the appeal as frivolous.

See 5TH CIR. R. 42.2.

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Rather than stating the facts relevant to his appeal, Switzer refers this court to his "complaint brief" filed in the district court and to the records in two cases filed in the federal district court.  This is impermissible.  See Perillo v. Johnson, 79 F.3d 441, 443 n.1 (5th Cir. 1996).

The district court held that appellee Judges Vlahos and Simpson have judicial immunity from Switzer's claims for monetary damages.  The only argument that Switzer makes is that the judges should not receive immunity because they violated unspecified constitutional rights.  Thus he has in effect abandoned his claims against the judges by not briefing them.  See Al-Ra'id v. Ingle, 69 F.3d 28, 33 (5th Cir. 1995).

Concerning his claims against appellee Burkes, his former counsel, Switzer refers the court to documents in other cases and to his "complaint brief."  Since this is impermissible and Switzer asserts only conclusionally that Burkes has acted unlawfully with McLeod, Switzer has in effect abandoned his claims against Burkes.

Concerning appellee Assistant Attorney General McLeod, Switzer refers the court to his "complaint brief" and asserts conclusionally that she submitted false statements and refused to comply with a court order in another federal case.  This is not a valid argument relative to the district court's holding that McLeod is entitled to prosecutorial immunity.

The only argument Switzer presents concerning District Attorney Caranna is that his office used a nonexistent criminal conviction to enhance Switzer's sentence. This does not adequately respond to the district court's holding that District Attorney Caranna is entitled to prosecutorial immunity.

Switzer asserts conclusionally that appellee Brantley attempted to protect Judge Vlahos from disciplinary action by the Mississippi Supreme Court and that Brantley conspired with the judge. This does not adequately respond to the district court's holding that Brantley cannot be held liable under § 1983 because Switzer has no constitutional right to a review of Vlahos's judicial performance. Furthermore, as the district court held, Switzer's "[m]ere conclus[ional] allegations of conspiracy cannot . . . constitute grounds for § 1983 relief." Dayse v. Schuldt, 894 F.2d 170, 173 (5th Cir. 1990).

Because Switzer has not shown that there is a nonfrivolous appellate issue, his appeal is dismissed as frivolous. See 5TH CIR. R. 42.2; Brinkmann v. Johnston, 793 F.2d 111, 112-13 (5th Cir. 1986).

The dismissal of the appeal as frivolous and the district court's dismissal of some of Switzer's § 1983 claims as frivolous count as "strikes" under the three-strikes provision of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996); 28 U.S.C. § 1915(e)(2)(B)(i). Therefore, Switzer is warned that if he accumulates three "strikes," he will

not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

Switzer asks this court to appoint counsel to represent him in this court and in the district court, on grounds of unspecified complicated and exceptional circumstances. This request is denied because Switzer's appeal is frivolous. See Hulsey v. State of Texas, 929 F.2d 168, 172-73 (5th Cir. 1991).

Switzer requests that this court authorize him to file another lawsuit against Burkes, based on allegations of his "complaint brief" and on the record in his federal habeas corpus case. Switzer also requests leave to amend his complaint to add Harrison County as a defendant. These requests are denied as frivolous. Switzer requests an opportunity to petition the Public Integrity Section of the United States Department of Justice. This request is denied as unnecessary.

IT IS FURTHER ORDERED that Switzer's motion for leave to file a supplemental brief is DENIED. See 5TH CIR. R. 28.5.

APPEAL DISMISSED; SANCTIONS WARNING ISSUED; ALL OUTSTANDING MOTIONS DENIED.