**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 23, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50405
Conference Calendar

_____

DAVID W. MILLER,

                                    Plaintiff-Appellant,

versus

JOHN BRADLEY, WILLIAMSON COUNTY DISTRICT ATTORNEY'S
OFFICE; CEDAR PARK POLICE DEPARTMENT; JOHN A. MASPERO,
SHERIFF,

                                    Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:03-CV-388-SS
--------------------

Before BARKSDALE, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

     David W. Miller, Texas prisoner #1174744, appeals the

district court's grant of summary judgment and dismissal of his

42 U.S.C. § 1983 claims against Williamson County Sheriff John

Maspero.  As he does not challenge the dismissal of his claims

against the remaining defendants, those claims have been

abandoned.  See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir.

1993).  Moreover, we do not have jurisdiction to review the

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

magistrate judge's denial of Miller's motion for appointment of counsel.  See Colburn v. Bunge Towing, Inc., 883 F.2d 372, 379 (5th Cir. 1989).

Miller's civil rights suit alleged that he was denied medical treatment during his pre-trial confinement at the Williamson County prison.  Miller does not address the district court's reasons for granting summary judgment in favor of Sheriff Maspero in his individual and official capacities.  Failure to identify an error in the district court's analysis is the same as if the appellant had not appealed the judgment.  See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).  Because Miller has failed to contest the district court's reasons for granting Maspero's summary judgment motion, he has waived appellate review of those issues.  See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).  Moreover, Miller has failed to show that there was another appropriate party for him to sue such that the district court's dismissal of his complaint without allowing him leave to amend to name another defendant was an abuse of discretion.  See Dayse v. Schuldt, 894 F.2d 170, 174 (5th Cir. 1990); Parker v. Fort Worth Police Dep't, 980 F.2d 1023, 1025-27 (5th Cir. 1993).

Miller's appeal lacks arguable merit and is DISMISSED AS FRIVOLOUS.  See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  The dismissal of Miller's appeal as frivolous

counts as one strike under 28 U.S.C. § 1915(g). See <u>Adepegba</u> <u>v. Hammons</u>, 103 F.3d 383, 385-87 (5th Cir. 1996). We warn Miller that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.